# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

UNPUBLISHED

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

KENDELL WHITFIELD,

        *Defendant-Appellant.*

No. 99-4587

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-99-27-FO)

Argued: January 26, 2001

Decided: October 16, 2001

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge, and
Raymond A. JACKSON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Geoffrey Wuensch Hosford, HOSFORD & HOSFORD,
Wilmington, North Carolina, for Appellant. Anne Margaret Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee. **ON BRIEF:** Janice McKenzie Cole, United States Attorney,
Kenneth F. Whitted, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kendell Whitfield appeals from the sentence imposed by the district court after he pleaded guilty to conspiracy to possess cocaine base with the intent to distribute. For reasons stated below, we vacate his sentence and remand to the district court for a new sentence not to exceed 240 months.

I.

Whitfield waived indictment by grand jury and was charged with a criminal information alleging that he engaged in a conspiracy to distribute cocaine base and to possess cocaine base with the intent to distribute in violation of 21 U.S.C. § 846. The criminal information against Whitfield did not allege that he conspired to distribute or to possess with the intent to distribute any particular quantity of cocaine base.

Whitfield agreed to cooperate with the ongoing investigation and to testify for the prosecution. Whitfield signed a plea agreement with the prosecution which specified that he would plead guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and listed the elements of that crime without mentioning any specific amount of cocaine base.* The plea agreement specified that the

---

*We note some confusion in the record as to the specific crime to which Whitfield pleaded guilty. The criminal information against Whitfield alleged both a conspiracy to distribute cocaine base and a conspiracy to possess cocaine base with the intent to distribute. The plea agreement Whitfield signed required him to plead guilty to conspiracy to distribute cocaine base. The district court mentioned both crimes in its colloquy to Whitfield at the Rule 11 hearing in which the court accepted his guilty plea, but listed only the elements of conspiracy to distribute.

defendant would face a maximum penalty of "not less than 10 years nor more than life." Whitfield also agreed, pursuant to the plea agreement, to waive his rights to appeal "whatever sentence is imposed, including any issues that related to the establishment of the Guideline range" and to waive collateral review of the sentence.

In accordance with the plea agreement, Whitfield pleaded guilty on April 5, 1999. Before accepting Whitfield's guilty plea, the district court specified the elements that the prosecution would have to prove if Whitfield did not plead guilty. At no point did the district court mention a specific quantity of drugs or indicate that the government would have to prove a specific quantity of drugs.

At the sentencing hearing conducted August 2, 1999, the district court accepted the conclusion of the probation officer in the presentence report that over 3.8 kilograms of cocaine base and 10 kilograms of powder cocaine were attributable to Whitfield's criminal activity. The district court also accepted the probation officer's recommendations that Whitfield's sentence be enhanced under the sentencing guidelines for his role as a leader in the conspiracy and for the involvement of minors in his drug operation. The defense objected to the enhancements for Whitfield's role in the conspiracy and for the use of minors, but not to the calculation of drug amount. After allowing a downward adjustment for Whitfield's acceptance of responsibility, the district court sentenced Whitfield to 300 months plus 5 years of supervised release.

Whitfield filed his notice of appeal on August 12, 1999. On a motion of the prosecution to reduce Whitfield's sentence in light of

---

The written judgment of the district court, however, is conclusive and indicates that Whitfield pleaded guilty to conspiracy to possess cocaine base with the intent to distribute. Neither party makes an issue of this discrepancy. Since it is clear that Whitfield pleaded guilty to only one count and since both crimes constitute a violation of 21 U.S.C. 841(a)(1) subject to the same penalty, depending on the drug quantity involved, we find that this confusion is of no significance and treat the written judgment of the district court as conclusive. Accordingly, our opinion refers to Whitfield's plea of guilty to the crime of conspiracy to possess cocaine base with the intent to distribute.

his continued cooperation with the ongoing drug investigation, the district court subsequently amended its judgment against Whitfield on December 11, 2000, and reduced the sentence imposed to 283 months plus 5 years of supervised release.

## II.

Since Whitfield filed this appeal, the United States Supreme Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The *Apprendi* Court created a new rule mandating that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. We must apply the rule of *Apprendi* to Whitfield's appeal because *Apprendi* was decided while this case was on direct review. See *Griffith v. Kentucky*, 479 U.S. 314, 322-23 (1987).

This court subsequently applied *Apprendi* in the context of the drug statutes in *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001). In *Promise* this court held that drug quantity "must be treated as [an] element of an aggravated drug trafficking offense" under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) and not merely as a sentencing factor. *Promise*, 255 F.3d at 152. Accordingly, under the rule of *Apprendi*, a specific drug quantity must be alleged in the indictment against a defendant and submitted to the jury to allow a charge and conviction for violation of an aggravated drug offense under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B). If no specific drug quantity has been alleged in the indictment or submitted to the jury, the maximum penalty that may be imposed for conviction of conspiracy to possess with intent to distribute an unquantified amount of cocaine is no more than 240 months' imprisonment, as provided by the fallback provision of the drug statute, 21 U.S.C. § 841(b)(1)(C). See *Promise*, 255 F.3d at 156-157. *Promise* concluded that, where a defendant is indicted and convicted of a drug crime involving an unquantified quantity of drugs, the conviction is for a violation of 21 U.S.C. § 841(b)(1)(C), and a sentence that exceeds the statutory maximum of that subsection is erroneous. See *Promise*, 255 F.3d at 160.

Whitfield's plea agreement waived his right to appeal from errors in the sentence imposed against him. We have held, however, that "a

defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court. For example, a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute . . . ." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). See also *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (allowing appeal despite waiver where penalty imposed exceeded sentencing court's statutory authority). Here, Whitfield was properly convicted for a violation of 21 U.S.C. § 841(b)(1)(C) and received a sentence in excess of the statutory maximum authorized by that subsection. Thus, we may review Whitfield's sentence despite the waiver of appellate rights in his plea agreement.

Because Whitfield did not raise this objection before the district court, we review only for plain error. See Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We may notice an error not preserved by a timely objection only if the defendant establishes "that error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998) (citing *Olano*, 507 U.S. at 732). This court held in *Promise* that a defendant who has been sentenced in excess of the statutory maximum of the crime for which he was indicted and convicted has established plain error that affects his substantial rights. See *Promise*, 255 F.3d at 160-161. Even when a defendant satisfies these standards, however, "correction of the error remains within our sound discretion, which we 'should not exercise . . . unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Hastings*, 134 F.3d at 239 (citing *Olano*, 507 U.S. at 732) (alterations in original). We have subsequently clarified that such error recognized in *Promise* does seriously affect the fairness and integrity of the judicial process by depriving the claimant of the "constitutional rights to 'answer' only those crimes presented to the grand jury." *United States v. Cotton*, No. 99-4162, 2001 WL 901259, *5, ___ F.3d ___ (4th Cir. Aug. 10, 2001). By failing to present the quantity element of 21 U.S.C. § 841 to the grand jury, but then using this evidence to impose a sentence in excess of the statutory maximum for the indicted crime, the district court exceeded its jurisdiction. See *Cotton*, 2001 WL 901259, at *5. This court must notice such error and correct it accordingly. See *Cot-*

*ton*, 2001 WL 901259, at *6 (confirming *United States v. Tran*, 234 F.3d 798, 809 (2d Cir. 2000)).

We find that the 283 month sentence imposed against Whitfield exceeded the statutory maximum sentence authorized by 21 U.S.C. § 841(b)(1)(C) and is plainly erroneous. Thus, we vacate Whitfield's sentence and remand for a new sentence not to exceed 240 months.

Accordingly, the judgment of the district court is

*VACATED AND REMANDED.*