UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

JOE BENNETT SMITH, III,

    *Defendant-Appellant.*

No. 00-4869

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-99-10)

Submitted: November 28, 2001

Decided: January 29, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

### COUNSEL

Robert F. Rider, RIDER, THOMAS, CLEAVELAND, FERRIS &
EAKIN, Roanoke, Virginia, for Appellant. Robert F. Crouch, Jr.,
United States Attorney, Joseph W. H. Mott, Assistant United States
Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Joe Bennett Smith, III, appeals his 200-month sentence imposed following his guilty plea to a one-count indictment charging him with conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2001). For the reasons discussed below, we vacate Smith's sentence and remand to the district court for imposition of a new sentence not to exceed 120 months.

The indictment to which Smith pleaded guilty did not specify a drug quantity, and his plea agreement noted the parties did not agree as to the amount of drugs attributable to him. The agreement also provided that Smith waived his right to appeal any sentence within the statutory maximum and his right to challenge his sentence in any collateral attack. Smith also stipulated there was sufficient factual basis to support the factual allegations contained in the indictment, which did not specify drug quantity. After an amended criminal judgment was re-entered to enable Smith to note a timely appeal, he appealed to this Court. We placed the appeal in abeyance for *United States v. Whitfield*, No. 99-4587, 2001 WL 1230835 (4th Cir. Oct. 16, 2001) (unpublished).

The Government concedes in its brief that if Smith's claim based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not waived or forfeited, plain error exists "because the 200 month sentence imposed exceeds the 120 month statutory maximum" and that such error "affected [Smith's] substantial rights." We agree. We also conclude, however, that this Court should notice the error.

Under *Apprendi*, drug quantity must be treated as an element of an aggravated drug trafficking offense that must be alleged in the indictment against a defendant and submitted to the jury to allow a charge

and conviction under § 841(b)(1)(A) or (b)(1)(B). *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001) (en banc). Because no specific drug quantity was charged in the indictment or submitted to a jury, the maximum term of imprisonment that may be imposed upon Smith for his marijuana offense is 120 months under § 841(b)(1)(D).* *See id.* at 156-57.

We have also concluded that the validity of a guilty plea is not affected by *Apprendi* because *Apprendi* error is a jurisdictional error as to sentencing imposed by the district court, not error in indictment or conviction. *United States v. Dinnall*, 269 F.3d 418, ___, 2001 WL 1229174, at *4 n.3 (4th Cir. 2001); *Promise*, 255 F.3d at 160. The district court's imposition of a sentence in excess of the statutory maximum when quantity is not charged, however, is plain error that affects the defendant's substantial rights. *Dinnall*, 2001 WL 1229174, at *3-*4; *Promise*, 255 F.3d at 156-57, 160. In addition, such error is jurisdictional and seriously affects the fairness, integrity, or public reputation of judicial proceedings such that we should exercise our discretion to notice the error. *United States v. Cotton*, 261 F.3d 397, 405-06 (4th Cir. 2001), *cert. granted*, 2002 WL 10623, 70 U.S.L.W. 3348 (U.S. Jan. 4, 2002) (No. 01-687).

For these reasons, we conclude Smith's 200-month sentence exceeds the 120-month statutory maximum of 21 U.S.C. § 841(b)(1)(D) and is plain error we should notice and correct. We therefore vacate Smith's sentence and remand to the district court for re-sentencing and imposition of a sentence of up to 120 months. We dispense with oral argument because the facts and the parties' legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*We agree with the Government that the sentencing court did not err in concluding Smith had a prior felony drug conviction for sentencing purposes.