UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 99-4641

TYRON LEIGH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-98-219)

Submitted: October 31, 2000

Decided: November 30, 2001

Before WILKINS, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Tony E. Rollman, Asheville, North Carolina, for Appellant. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyron Leigh appeals the 262-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West Supp. 2001). Leigh's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but contends on Leigh's behalf that Leigh received ineffective assistance of counsel. Leigh was informed of his right to file a pro se supplemental brief, but has not done so.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2001) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule exists when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Leigh's ineffective assistance claims are therefore not cognizable in this direct appeal.

In accordance with *Anders*, we have reviewed the entire record and determined a meritorious issue for appeal exists regarding Leigh's sentence. After Leigh filed this appeal, the United States Supreme Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. We apply the rule of *Apprendi* to Leigh's appeal because *Apprendi* was decided while this case was on direct review. *See Griffith v. Kentucky*, 479 U.S. 314, 322-23 (1987).

We applied *Apprendi* in the context of the drug statutes in *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398). In *Promise*, we held that

drug quantity "must be treated as [an] element of an aggravated drug trafficking offense" under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) and not merely as a sentencing factor. *Promise*, 255 F.3d at 152. Accordingly, under *Apprendi*, a specific drug quantity must be alleged in the indictment against a defendant and submitted to the jury to allow a charge and conviction for violation of an aggravated drug offense under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B). If no specific drug quantity has been alleged in the indictment or submitted to the jury, the maximum penalty that may be imposed for conviction of conspiracy to possess with intent to distribute an unquantified amount of cocaine is no more than 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(C). *See Promise*, 255 F.3d at 156-57. Under *Promise*, when a defendant is indicted and convicted of a drug crime involving an unquantified quantity of drugs, the conviction is for a violation of § 841(b)(1)(C), and a sentence that exceeds the statutory maximum of that subsection is erroneous. *See Promise*, 255 F.3d at 160. We have since applied *Promise* to a defendant who pled guilty. *See United States v. Dinnall*, ___ F.3d ___, 2001 WL 1229174 (4th Cir. Oct. 15, 2001) (No. 99-4936).

Leigh's plea agreement waived his right to appeal from errors in the sentence imposed against him. We have held, however, that "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court. For example, a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute . . . ." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). *See also United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (allowing appeal despite waiver when penalty imposed exceeded sentencing court's statutory authority). Here, Leigh was properly convicted for a violation of 21 U.S.C. § 846 but received a sentence in excess of the authorized statutory maximum. Thus, we may review Leigh's sentence despite the waiver of appellate rights in his plea agreement.

Because Leigh did not raise this objection before the district court, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We may notice an error not preserved by a timely objection only if the defendant establishes "that error occurred, that the error was plain, and that the error affected his

substantial rights." *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998) (citing *Olano*, 507 U.S. at 732). We concluded in *Promise* that a defendant who was sentenced in excess of the statutory maximum of the crime for which he was indicted and convicted established plain error that affected his substantial rights. *See Promise*, 255 F.3d at 160-61. In addition, such error seriously affects the fairness and integrity of the judicial process by depriving the claimant of the constitutional right to answer for only those offenses presented to the grand jury. *United States v. Cotton*, 261 F.3d 397, 404-05 (4th Cir. 2001). By failing to present the quantity element of 21 U.S.C. § 841 to the grand jury, but then using this evidence to impose a sentence in excess of the statutory maximum for the indicted crime, the district court exceeded its jurisdiction. *See Dinnall*, 2001 WL 1229174, at *4; *Cotton*, 261 F.3d at 404-05. We must notice such error and correct it accordingly. *See Dinnall*, 2001 WL 1229174, at *4; *Cotton*, 261 F.3d at 406.

Thus, we find Leigh's 262-month sentence exceeded the statutory maximum sentence authorized by 21 U.S.C. § 841(b)(1)(C) and is plainly erroneous. We therefore vacate Leigh's sentence and remand for the district court to impose a new sentence not to exceed 240 months. We deny Leigh's counsel's motion to withdraw.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*