UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

TOM REED, a/k/a Thomas Wayne
Reed,

              *Defendant-Appellant.*

No. 00-4634

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-99-30-5-3)

Submitted: November 26, 2001

Decided: December 10, 2001

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert Allen Ratliff, Cincinnati, Ohio, for Appellant. Melvin W.
Kahle, United States Attorney, Sam G. Nazzaro, Assistant United
States Attorney, Paul T. Camilletti, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Thomas Reed appeals his conviction, pursuant to a guilty plea, of conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999). Reed was sentenced to twenty years imprisonment, to be followed by five years supervised release.

On appeal, Reed challenges the validity of his conviction in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He asserts that his indictment was invalid because it did not identify drug quantity as an element of the offense; that his guilty plea was invalid because he was unaware that drug quantity would have to be proved to the jury beyond a reasonable doubt; and that the district court did not adequately inform him of the nature of the charge against him, as required in Fed. R. Crim. P. 11(c)(1), because the court did not identify drug quantity as an element of the offense.*

Reed was indicted for conspiracy, in violation of § 846, to possess with intent to distribute and to distribute cocaine base, as prohibited by 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001). Section 846 provides that one guilty of conspiracy to commit a drug offense is subject to the same penalties as those applicable for the underlying offense. Section 841(b)(1) defines the applicable penalties for viola- tion of § 841(a)(1) in terms of the quantity of drugs involved. This court held in *United States v. Promise*, 255 F.3d 150, 156 (4th Cir.

---

*The Government urges that we dismiss Reed's appeal because Reed waived his right to challenge his sentence on appeal. We conclude that the waiver did not include Reed's right to challenge the validity of the conviction itself. *See United States v. Brown*, 232 F.3d 399, 403-06 (4th Cir. 2000) (holding that plain language of waiver provision controls its extent).

2001), that § 841(b)(1)(C) is applicable when an identifiable but unspecified drug quantity has been charged in the indictment. The maximum sentence authorized under § 841(b)(1)(C) is twenty years. As Reed received a twenty-year sentence, the absence of a specific quantity in the indictment does not constitute error. *See Promise*, 255 F.3d at 260 (holding the error was not in Promise's indictment or conviction, but in his thirty-year sentence); *United States v. Dinnall*, ___ F.3d ___, 2001 WL 1229174, *4, n.3 (4th Cir. Oct. 15, 2001) (holding error of thirty-year sentence does not arise from indictment or guilty plea, but from sentence beyond the statutory maximum for crime indicted for and pled guilty to). Therefore, we reject Reed's attacks on his indictment and plea.

Reed also alleges that § 841 is unconstitutional as written, since it purports to remove from the jury the right to increase a sentence beyond the statutory maximum. We have recently rejected this argument. *United States v. McAllister*, ___ F.3d ___, 2001 WL 1387341, at *2 (4th Cir. Nov. 8, 2001). Therefore, Reed is entitled to no relief on this claim.

We affirm Reed's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*