**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

GARRY JERMAINE PURVIS,
　　　　　*Defendant-Appellant.*

No. 99-4729

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-164)

Submitted: June 15, 2000

Decided: December 10, 2001

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

C. Gordon McBride, Hartsville, South Carolina, for Appellant. William Earl Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Garry Jermaine Purvis pled guilty to conspiracy to possess cocaine base (crack cocaine), cocaine, and heroin with intent to distribute, *see* 21 U.S.C. § 846 (1994), between 1995 and 1999. He stipulated in his plea agreement that he was responsible for at least 1.5 kilograms of crack. Purvis was sentenced to a term of 292 months imprisonment and a five-year term of supervised release. He now appeals his conviction and sentence. Purvis' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising one issue but asserting that, in his view, there are no meritorious grounds for appeal. Purvis has been notified of his right to file a pro se supplemental brief, but has not filed a brief. The parties have filed supplemental briefs, as requested by this court, addressing the effect on this case of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

We affirm Purvis' conviction. However, because his sentence is plainly erroneous in light of *Apprendi*, we vacate the sentence and remand for resentencing. *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (discussing plain error standard of review), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

In the *Anders* brief, Purvis' attorney questions whether the district court erred in overruling his objection to the government's decision not to move for a substantial assistance departure under *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (1998). The government explained that it had evaluated the information Purvis provided and decided that his assistance had not been substantial. Under the terms of the plea agreement, the government reserved the right to determine whether Purvis' cooperation resulted in substantial assistance. Purvis did not allege that the government's decision was based on any unconstitutional motive or was otherwise unrelated to a legitimate government purpose. *See Wade v. United States*, 504 U.S. 181, 186

(1992). Therefore, the district court properly refused to compel the motion.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. Because Purvis failed to raise an *Apprendi*-type claim in the district court, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to demonstrate plain error, Purvis must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *Olano*, 507 U.S. at 732. If Purvis can satisfy these requirements, we should not exercise our discretion to correct the error "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 732 (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 17 (1985)).

We conclude that Purvis' sentence was plainly erroneous. His guilty plea to the drug conspiracy subjected him to a maximum statutory sentence of twenty years under 21 U.S.C.A. § 841(b)(1)(C) (West 1999), because the indictment did not charge a specific threshold drug quantity. *Promise*, 255 F.3d at 156-57; *United States v. Dinnall*, 269 F.3d 418, ___, 2001 WL 1229174, at *4 & n.3 (4th Cir. 2001). As explained in *Promise*, this was error, and the error was plain. 255 F.3d at 160. An error affects substantial rights when it "actually affect[s] the outcome of the proceedings." *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998). Because Purvis was sentenced beyond the statutory maximum sentence for the crime of which he was charged and convicted, the error affected his substantial rights. *Promise*, 255 F.3d at 160; *Dinnall*, 2001 WL 1229174, at *4. The *Promise* court did not agree on whether we should exercise our discretion to notice the error, but a panel of this court has since held that the error is jurisdictional in nature and must be noticed on plain error review. *United States v. Cotton*, 261 F.3d 397, 405-07 (4th Cir. 2001) (holding that quantum of evidence establishing aggravated drug quantity irrelevant when no drug quantity charged), *petition for cert. filed*, Oct. 31, 2001 (No. 01-687). Therefore, we vacate Purvis' sentence and remand for resentencing to a term of imprisonment not to exceed twenty years. *See* USSG § 5G1.1(a).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction, but vacate the sentence and remand for resentencing. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED
IN PART, AND REMANDED*