UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4124

GARRY JERMAINE PURVIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-164)

Submitted: August 16, 2002

Decided: September 23, 2002

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

C. Gordon McBride, MCBRIDE LAW FIRM, Hartsville, South Carolina, for Appellant. William Earl Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Garry Jermaine Purvis appeals the 183-month sentence imposed by the district court after this case was remanded for resentencing in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We affirm the sentence.

In 1999, Purvis pled guilty to participating in a conspiracy to possess with intent to distribute a quantity of cocaine, crack, and heroin, 21 U.S.C. § 846 (2000), and was sentenced to a term of 292 months imprisonment. Although the indictment did not charge a specific threshold quantity of drugs, Purvis stipulated in his plea agreement that he was involved with 1.5 kilograms of crack. In Purvis' first appeal, we found that his sentence was plainly erroneous under *Apprendi*, 530 U.S. at 490, and *United States v. Cotton*, 261 F.3d 397, 405-07 (4th Cir. 2001), *rev'd*, 122 S. Ct. 1781 (2002), and remanded for resentencing to a term of no more than 240 months imprisonment. *See United States v. Purvis*, No. 99-4729 (4th Cir. Dec. 10, 2001) (unpublished).

While Purvis' appeal was pending, his sentence was reduced by fifty-seven months to a term of 235 months imprisonment upon the government's motion for sentence reduction for substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. On remand, at the resentencing hearing, the district court vacated the two previous judgment orders, imposed a sentence of 240 months, and reduced that sentence by fifty-seven months to achieve the sentence that Purvis would have received had he been sentenced initially in accordance with *Apprendi* and then received the Rule 35 reduction. The court rejected Purvis' request for a further departure to give him credit for acceptance of responsibility.

Purvis' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two issues as potentially meritorious, but stating that, in his view, there are no meritorious grounds for appeal. Purvis has been notified of his right to file a pro se supplemental brief, but has not filed a brief.

Purvis argues that he was penalized for the government's failure to charge properly all the elements of the offense and that the district court should have departed further to give him the benefit of his acceptance of responsibility. However, the district court's decision not to depart further on that ground is not reviewable. *United States v. Patterson*, 38 F.3d 139, 146 (4th Cir. 1994) (holding "district court's refusal to depart downward from the applicable sentencing guideline range is not appealable by the defendant").

We also reject Purvis' contention that the district court lacked jurisdiction to convict or sentence him because the indictment failed to charge an essential element of his offense. The indictment properly charged an offense, Purvis was convicted of that offense, and the sentence he ultimately received is within the statutory range for that offense. *See United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001) (en banc) (finding indictment sufficient where it charged defendant with conspiracy to possess with intent to distribute unspecified quantities of drugs), *cert. denied*, 122 S. Ct. 2296 (2002).

In accordance with the requirements of *Anders*, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*