**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JAMES WILLIAM BOLAR,
　　　　　*Defendant-Appellant.*

No. 99-4380

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-98-662-JFA)

Submitted: September 26, 2000

Decided: December 18, 2001

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed in part, dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

## COUNSEL

Wendy J. Keefer, BARNWELL, WHALEY, PATTERSON & HELMS, L.L.C., Charleston, South Carolina, for Appellant. Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James William Bolar pled guilty to possession with intent to distribute and distribution of cocaine base (crack), in violation of 21 U.S.C.A. § 841(a) (West 1999), and was sentenced as a career offender to a term of 280 months imprisonment and five years supervised release. *See U.S. Sentencing Guidelines Manual* § 4B1.1 (1998). Bolar's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising three issues but asserting that there are no meritorious issues for appeal. Bolar has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction, dismiss Bolar's challenge to the district court's decision not to depart, vacate the sentence, and remand for resentencing.

Bolar sold 53.87 grams of crack to an informant in the presence of an undercover agent. Another 79.27 grams of crack was found in a bag in his yard after Bolar agreed to sell the informant 4.5 ounces (127.5 grams) of crack, then failed to show up as arranged. Bolar did not contest the probation officer's recommendation that he was responsible for 133 grams of crack.

In the *Anders* brief, Bolar's appellate counsel suggests that the government may have violated the plea agreement by not moving for a downward departure for substantial assistance. *See* USSG § 5K1.1, p.s. Bolar's previous attorney conceded at sentencing that Bolar's assistance to that point could not be considered substantial. Because the question of a possible breach of the plea agreement was not raised below, we review the issue for plain error only, *see United States v. Olano*, 507 U.S. 725 (1993), and find none.

Bolar also contests the district court's denial of his motion for a departure based on the fact that he suffers from ulcerative colitis. The court's determination that Bolar's condition was not "an extraordinary

physical impairment," *see* USSG § 5H1.4, p.s., and thus did not warrant a departure, is not reviewable. *See United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). Accordingly, we dismiss this portion of the appeal.

Next, Bolar claims that his former attorney rendered ineffective assistance by failing to advise him about the possible penalties he faced before he entered his guilty plea, and in failing to argue that the government had a duty under the plea agreement to file a § 5K1.1 motion for a departure based on substantial assistance. Because the record in this case does not conclusively demonstrate that Bolar received ineffective assistance, this claim must be made in a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). *See United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995).

After the parties filed their briefs on appeal, the Supreme Court held that, other than a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Because *Apprendi* was decided while Bolar's case was on direct review, we must apply the rule of *Apprendi* to his appeal. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

Bolar's guilty plea is unaffected by *Apprendi*. *See United States v. Dinnall*, 269 F.3d 418, 423 n.3 (4th Cir. 2001) (validity of guilty plea to drug offense involving an unspecified quantity of drugs is not called into question when defendant receives a sentence in excess of the sentence authorized under § 841(b)(1)(C)); *United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001) (en banc) (conviction for unspecified quantity of drugs is not error), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

However, Bolar's 280-month sentence exceeded the applicable statutory maximum penalty for the crime of which he was convicted. Because drug quantity was not charged in the indictment, Bolar was subject to a statutory maximum sentence of twenty years imprisonment under 21 U.S.C.A. § 841(b)(1)(C), for his conviction. *Promise*, 255 F.3d at 152 (applying *Apprendi* to drug offenses in §§ 841 and 846, and holding that drug quantity "must be treated as [an] element[ ]

of an aggravated drug trafficking offense" under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B), not merely a sentencing factor). Bolar's sentence of 280 months imprisonment for his conviction was thus plainly erroneous. *Id.* at 156-57, 160. The total maximum sentence to which Bolar was exposed was twenty years because he was convicted of a single count\* and the government did not seek an enhanced sentence based on his prior felony drug convictions pursuant to 21 U.S.C. § 851 (1994). The error thus affected his substantial rights. *United States v. Cotton*, 261 F.3d 397, 406-07 (4th Cir. 2001) (holding that sentence exceeding maximum authorized by § 841(b)(1)(C) for offense involving unspecified drug quantity is plain error affecting substantial rights and is jurisdictional in nature), *petition for cert. filed*, Oct. 31, 2001 (No. 01-687). Bolar was charged with possession of an unspecified quantity of crack with intent to distribute, *see* 21 U.S.C.A. § 841(b)(1)(C), but he "received a sentence for a crime—an aggravated drug trafficking offense under section 841(b)(1)(A)—with which [he was] *neither* charged *nor* convicted." *Cotton*, 261 F.3d at 404. In *Cotton*, we concluded that an error of this nature is "fundamental," and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," and that, consequently, we are "at liberty to correct it." *Cotton*, 261 F.3d at 405 (internal quotations and citations omitted). We explicitly rejected the government's argument that overwhelming evidence of drug quantity can excuse the error. *Id.* at 407. We therefore exercise our discretion to notice the error, vacate Bolar's sentence, and remand for resentencing consistent with *Apprendi* and *Promise*. *See* USSG § 5G1.1(a).

Pursuant to *Anders*, this court has reviewed the record for reversible error and, other than that noted above, find none. We therefore affirm Bolar's conviction, vacate his sentence, and remand for resentencing. We dismiss that portion of the appeal that challenges the district court's decision not to depart downward. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client

---

\*When the defendant has been convicted of multiple counts and the guideline range exceeds the highest statutory maximum, the district court must impose consecutive terms of imprisonment to achieve a sentence within the guideline range. *United States v. White*, 238 F.3d 537, 542-43 (4th Cir. 2001), *cert. denied*, 121 S. Ct. 2235 (2001); USSG § 5G1.2(d).

requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART,*
*VACATED IN PART, AND REMANDED*