UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DANNY KENNEDY GENERAL, a/k/a
Young,
            *Defendant-Appellant.*

No. 00-4346

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-99-68)

Submitted: November 30, 2001

Decided: December 20, 2001

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

## COUNSEL

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Danny Kennedy General pled guilty pursuant to a plea agreement
to Count 1, conspiracy to possess with intent to distribute cocaine
base, cocaine powder, heroin, and marijuana, and to Count 4, using
and carrying a firearm during and in relation to a drug trafficking
crime. General was sentenced to 294 months imprisonment for Count
1 and 60 months consecutively for Count 4. The court also imposed
a five-year term of supervised release. On appeal, he raises four
issues. For the reasons that follow, we affirm in part, and vacate and
remand in part.

First, General alleges that the district court committed reversible
error because it failed to inform him at his plea hearing that the man-
datory minimum sentence for Count 4 is five years. We find that the
district court's failure to follow Fed. R. Crim. P. 11(c) was harmless
as this information was contained in General's plea agreement. *See
United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995) (stating stan-
dard); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991)
(holding Rule 11 error harmless if information adequately covered in
plea agreement).

Second, we do not find that the district court abused its discretion
by denying General's motion to withdraw his plea. *United States v.
Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (citing standard). Gen-
eral has failed to establish his burden to show a "fair and just reason"
for withdrawal. Fed. R. Crim. P. 32(e); *see also United States v. Lam-
bey*, 974 F.2d 1389, 1394 (4th Cir. 1992); *United States v. Moore*, 931
F.2d 245, 248 (4th Cir. 1991).

Next, General alleges that his 294-month sentence for Count 1 is
erroneous in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
More specifically, he alleges that his sentence should be no more than

240 months for an unspecified amount of a Schedule I or II drug as stated in 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2001). In *United States v. Dinnall*, 269 F.3d 418, 420-24 (4th Cir. 2001), this court affirmed the defendant's conviction for conspiracy to possess with intent to distribute an unspecified amount of cocaine base but vacated and remanded Dinnall's 360-month sentence for the district court to impose a sentence no greater than 240 months under § 841(b)(1)(C). We find *Dinnall* controlling here and affirm General's conviction for Count 1, but vacate and remand his sentence for the district court to impose a sentence within the 240-month statutory maximum under § 841(b)(1)(C).

Finally, General's argument that his sentence of five years of supervised release is also improper has been rejected by this court. *See United States v. Pratt*, 239 F.3d 640, 647-48 (4th Cir. 2001). We affirm General's conviction and sentence for Count 4.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*
*AND REMANDED IN PART*