**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4373

DANNY KENNEDY GENERAL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-99-68)

Submitted: December 10, 2002

Decided: January 13, 2003

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert J. McAfee, MCCOTTER, MCAFEE & ASHTON, P.L.L.C.,
New Bern, North Carolina, for Appellant. John Howarth Bennett,
OFFICE OF THE UNTIED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Danny Kennedy General pled guilty pursuant to a plea agreement to: Count 1, conspiracy to possess with intent to distribute cocaine base (crack), cocaine powder, heroin, and marijuana; and Count 4, using and carrying a firearm during and in relation to a drug trafficking offense. He was sentenced to 354 months of imprisonment: 294 months for Count 1 and sixty months consecutively for Count 4. This court affirmed his convictions but remanded for resentencing for Count 1 to be imposed within the 240-month statutory maximum under 21 U.S.C. § 841(b)(1)(C) (2000). *United States v. General*, 2001 WL 1635442 (4th Cir. Dec. 20, 2001) (unpublished), *cert. denied*, 122 S. Ct. 1344 (2002).

The district court resentenced General to 240 months of imprisonment for Count 1. On appeal to this court, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal, but raising the issue of whether the district court erred by imposing the 240-month sentence.

We find that the district court did not err in resentencing General to 240 months of imprisonment for Count 1. General is precluded from raising any other issues in this appeal under the law of the case doctrine. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the doctrine "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court" (citation omitted)).

With our review under *Anders* thus proscribed, we find no meritorious issues on appeal. Accordingly, we affirm. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*