UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4062

CALVIN SNUGGS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-214)

Submitted: December 21, 2001

Decided: January 7, 2002

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Calvin Snuggs appeals his conviction and 274 month sentence imposed pursuant to his guilty plea to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2001).

Snuggs was indicted for conspiring to distribute in excess of five kilograms of cocaine hydrochloride. Snuggs pleaded guilty, stating he was responsible for this quantity of drugs, and acknowledged that he faced an incarceration period of ten years to life. Snuggs was sentenced to 274 months in prison, five years of supervised release, and a $100 special assessment fine. At Snuggs' sentencing hearing, Snuggs, who had for the previous five months unsuccessfully attempted to assist the Government, moved to continue the hearing so that he could have additional time to provide substantial assistance. The district court denied the motion.

On appeal, Snuggs' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). First, Snuggs' counsel argues the district court abused its discretion in denying Snuggs' motion to continue his sentencing hearing so that Snuggs might have additional time to provide substantial assistance to the Government. This claim is meritless. Snuggs has not established that he was prejudiced by the district court's refusal to grant his motion. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *United States v. Speed*, 53 F.3d 643, 644 (4th Cir. 1995); *United States v. LaRouche*, 896 F.2d 815, 823 (4th Cir. 1990).

Second, Snuggs' counsel argues that the district court erred in determining the amount of drugs on which Snuggs' 274 month sentence was based. This claim is meritless. The Government has met its burden in establishing the drug quantity for which Snuggs has been

held liable. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993).

Snuggs has also filed an informal brief in which he argues his conviction and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that he received ineffective assistance of counsel. First, Snuggs' indictment expressly charged him with distributing in excess of five kilograms of cocaine hydrochloride; consequently, Snuggs has not established error under *Apprendi* in his conviction or 274 month sentence, and this claim is meritless. 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2001); *United States v. Promise*, 255 F.3d 150, 152-57 (4th Cir. 2001), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398); *United States v. Dinnall*, 269 F.3d 418, ___, 2001 WL 1229174 (4th Cir. Oct. 15, 2001). Second, the record does not conclusively reveal that Snuggs' counsel was ineffective, and we therefore dismiss this claim without prejudice to Snuggs' ability to raise this claim in a 28 U.S.C.A. § 2255 (West Supp. 2001) motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Snuggs' conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

*AFFIRMED*