**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                       No. 01-4324

DARON BENJAMIN SWYGERT,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-00-296)

Submitted: November 26, 2001

Decided: January 17, 2002

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. Jane Barrett Taylor, OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daron Benjamin Swygert appeals his conviction and 240-month sentence following his guilty plea to one count of possession with intent to distribute cocaine base, commonly known as "crack" cocaine, while having a prior drug felony conviction in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). Swygert's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1976), raising the issues of compliance with Fed. R. Crim. P. 11 and sentencing under § 841, but stating that, in his view, there are no meritorious issues for appeal. Swygert filed a supplemental pro se brief raising the issues of whether his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and whether the district court erred by determining the substance for which he was convicted met the statutory definition of cocaine base.

Our review of Swygert's guilty plea and the Rule 11 hearing reveals no error. *United States v. DeFusco*, 949 F.2d 114, 117-18 (4th Cir. 1991). Swygert was charged in the indictment with a drug quantity in excess of fifty grams of crack cocaine while having a prior felony drug conviction. Because his sentence of 240 months is not above the statutory maximum in § 841(b)(1)(C), *Apprendi* is not implicated. *See United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *petition for cert. filed*, ___ U.S.L.W. ___ (Sept. 20, 2001) (No. 01-6398); *United States v. Dinnall*, No. 99-4936, 2001 WL 1229174, at *3 & n.3, ___ F.3d ___ (4th Cir. Oct. 15, 2001). Finally, punishment for drug trafficking offenses is based on the total quantity of the substance distributed, not the pure amount of the drug; thus, basing Swygert's sentence on the total quantity of the substance distributed was not in error. *Chapman v. United States*, 500 U.S. 453, 461 (1991).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Swygert's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw

from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*