PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                                          No. 99-4936

WIDNEY TREVOR DINNALL,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-98-946)

Argued: January 26, 2001

Decided: October 15, 2001

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge,
and Raymond A. JACKSON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by published opinion.
Judge Widener wrote the opinion, in which Chief Judge Wilkinson
and Judge Jackson concurred.

## COUNSEL

**ARGUED:** Kathrine Haggard Hudgins, Columbia, South Carolina,
for Appellant. Beth Drake, Assistant United States Attorney, Colum-
bia, South Carolina, for Appellee. **ON BRIEF:** John Delgado,
Columbia, South Carolina, for Appellant. J. Rene Josey, United States
Attorney, Columbia, South Carolina, for Appellee.

**OPINION**

WIDENER, Circuit Judge:

Widney Trevor Dinnall appeals from the sentence imposed by the district court after he pleaded guilty to the charge of conspiracy to possess cocaine base with the intent to distribute. For the reasons stated below, we affirm his conviction but vacate the sentence imposed against him and remand for a new sentence not to exceed 20 years.

I.

On December 16, 1998, a federal grand jury issued a superceding six-count indictment against Dinnall for various drug crimes involving the possession and distribution of cocaine base. The indictment makes no allegation as to the quantity of cocaine base involved in the crimes. Pursuant to a plea agreement with the prosecution, Dinnall pleaded guilty to Count 1 of the indictment. Count 1 alleges a criminal conspiracy, proscribed by 21 U.S.C. § 846, to possess cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).[1] In the final, amended plea agreement, Dinnall also confessed that his considerable assets, including over $504,000.00 in various bank accounts and several properties in Florida, were derived from drug proceeds and agreed not to protest their forfeiture. In return, the prosecution agreed to dismiss the remaining five counts in the indictment against Dinnall, to make a motion for a downward departure from the

---

[1]Count one of the superceding indictment charged as follows:

> That beginning on or about a date unknown to the Grand Jury but from at least early 1993 up to and including October 29, 1998, in the District of South Carolina and elsewhere, the defendant, WIDNEY TREVOR DINNALL, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree and have tacit understanding with persons, both known and unknown to the Grand Jury, to possess with intent to distribute cocaine base (commonly known as crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

> All in violation of Title 21, United States Code, Section 846.

sentencing guidelines and to take no position as to whether Dinnall's sentence should be enhanced under the sentencing guidelines for his role as a leader of the conspiracy.

In keeping with the agreement, the prosecution moved to dismiss Counts 2-6 of the superceding indictment; the court granted this motion. The prosecution subsequently voided the plea agreement on November 2, 1999, however, on the ground that Dinnall sold assets subject to forfeiture, in violation of the agreement. The district court later made a finding to that effect and awarded substitute assets to the prosecution. Because the prosecution voided the plea agreement, it made no motion at the sentencing hearing in favor of a downward departure from the sentencing guidelines and argued in favor of an enhancement in Dinnall's sentence for his role as a leader of the criminal conspiracy.

The district court held a sentencing hearing on December 13, 1999. The presentence report submitted to the court indicated that a confidential source working with South Carolina law enforcement agencies made five purchases of cocaine from Dinnall which were tested by the police and found to include 108 grams of cocaine base and 20 grams of powder cocaine. Execution of search warrants discovered electronic scales and additional cocaine base amounting to approximately 22 grams. The presentence report indicated that police obtained additional information from several individuals who had purchased or sold significant quantities of cocaine to Dinnall. The police also discovered significant bank accounts and properties which they concluded were "unexplained wealth, presumably proceeds from illegal drug transactions." The district court heard oral testimony corroborating the presentence report and accepted the report's conclusion that Dinnall's criminal activity involved at least 1.5 kilograms of cocaine base.

Based on that finding, the district court set a base offense level of 38 under the sentencing guidelines. The district court then applied a 2 level enhancement for Dinnall's role as a leader of a distribution scheme. Dinnall and his counsel objected to the enhancement for Dinnall's supervisory role and to the amount of drugs attributed to him by the district court. The district court sentenced Dinnall to 30 years' confinement followed by 5 years of supervised release.

Dinnall appealed on December 15, 1999. Dinnall's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that he had reviewed the record and found no issues worthy of appeal. Dinnall filed a pro se brief challenging the form and substance of the grand jury indictment against him, the subject matter jurisdiction of the district court, the constitutionality of the federal drug statutes, the adequacy of the assistance provided by his counsel, and other district court holdings. While Dinnall's pro se appeal was pending, Dinnall submitted a motion to stay forfeiture proceedings pending against him in two separate district courts. A motions panel of this court denied the motion but directed the parties to submit supplemental briefs on the validity of Dinnall's sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which the Supreme Court had decided after Dinnall filed his appeal.

II.

Dinnall contends that the sentence imposed by the district court is invalid under *Apprendi*. See *Apprendi*, 530 U.S. at 466. In that case, Apprendi pleaded guilty to several firearms and weapons offenses. The indictment to which Apprendi pleaded guilty did not allege a violation of New Jersey's hate crime statute. Nonetheless, at Apprendi's sentencing, the judge concluded, based on a preponderance of the evidence, that one of the firearms offenses to which Apprendi pleaded guilty was carried out with a biased purpose in violation of the hate crime statute. Because of this finding, the judge imposed a sentence that exceeded the statutory maximum sentences for the crimes alleged in the indictment to which Apprendi pleaded guilty. Rejecting New Jersey's argument that the hate crime statute was merely a sentencing factor and not a second crime with distinct elements, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

Count 1 of the indictment against Dinnall alleges a violation of 21 U.S.C. § 846 which states that a person who conspires to commit a drug offense is subject to the same penalties imposed for the drug offense which the person conspired to commit. The indictment against Dinnall alleges that he conspired to violate 21 U.S.C. § 841(a)(1),

which proscribes, among other conduct, the possession of a controlled substance, cocaine base in Dinnall's case, with the intent to distribute. Subsection (b)(1) of the statute restricts the various penalties that may be imposed for a violation of 21 U.S.C. § 841(a)(1) based on the quantity of drugs involved in the criminal activity. See 21 U.S.C. § 841(b)(1). For aggravated drug offenses involving a threshold drug quantity of 5 grams or more of cocaine base, the statute provides a penalty range of 5 to 40 years.[2] See 21 U.S.C. § 841((b)(1)(B). For aggravated drug offenses meeting a higher threshold drug quantity of more than 50 grams of cocaine base, the penalty ranges from 10 years to life. See 21 U.S.C. § 841(b)(1)(A). Dinnall argues that the statute contains a fallback provision, 21 U.S.C. § 841(b)(1)(C), which imposes a penalty "of not more than 20 years" even if no specific threshold drug quantity has been charged or proven.

Because the indictment to which Dinnall pleaded guilty does not specify that he conspired to possess a particular threshold drug quantity, he argues that it alleges a conspiracy to violate 21 U.S.C. § 841(b)(1)(C) which allows a maximum sentence of only 20 years. Dinnall was sentenced to 30 years. This sentence violates the rule of *Apprendi*, Dinnall argues, because threshold drug quantity is a fact that "increases the penalty for a crime beyond the prescribed statutory maximum" of 21 U.S.C. § 841(b)(1)(C). *Apprendi*, 530 U.S. at 490. Accordingly, he contends, a threshold drug quantity allowing a higher sentence under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) must be alleged in the indictment against him and either proven to a jury beyond a reasonable doubt or conceded by his guilty plea. *Apprendi*, 530 U.S. at 490.

After we heard oral argument in Dinnall's appeal, the en banc court

---

[2]We adopt the terminology employed by *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001), in discussing these statutes. *Promise* defined "specific threshold drug quantities" as "those quantities of drugs set forth in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), a finding of which subjects a defendant to a sentence of ten years to life imprisonment (§ 841(b)(1)(A)) or five to 40 years imprisonment (§ 841(b)(1)(B))." *Promise*, 255 F.3d at 152. *Promise* defined an "aggravated drug offense" as "one that involves a specific threshold drug quantity." *Promise*, 255 F.3d at 152.

interpreted the holding of *Apprendi* in the context of the drug statutes. In *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001), this court held that drug quantity "must be treated as [an] element of an aggravated drug trafficking offense" under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) and not merely a sentencing factor. *Promise*, 255 F.3d at 152. In *Promise*, as here, a defendant was sentenced to 30 years based on the trial court's finding, by a preponderance of the evidence, that the defendant should be held accountable for more than 1.5 kilograms of cocaine base even though the indictment did not allege a specific drug quantity. In *Promise* this court concluded that 21 U.S.C. § 841(b)(1)(C) is a fallback provision applicable when a specific drug quantity has not been alleged in the indictment. The *Promise* court held that the 30 years imposed by the district court exceeded the statutory maximum sentence of the crime for which the defendant was convicted and constituted an error in sentencing. Accordingly, under the rule established by *Promise* on nearly identical facts, Dinnall has identified error in his sentencing proceeding.[3]

Because Dinnall failed to raise this issue before the district court, however, we review the sentence imposed against him only for plain

---

[3]In fact, the only distinction between the cases is that Promise was convicted by a jury and Dinnall was convicted after he pleaded guilty. We find no substance to this distinction. We need look no further than *Apprendi* itself for an application of the rule of that case to a defendant who has pleaded guilty to the charge in the indictment but was nonetheless sentenced for another crime based on elements not alleged in the indictment against him. *Apprendi*, 530 U.S. at 470. Although the general rule is that a guilty plea waives nonjurisdictional error in the indictment, see *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993), the error identified by *Promise* is not an error in the form of the indictment or in the conviction but a jurisdictional error as to sentencing as imposed by the district court. See *Promise*, 255 F.3d at 160; *United States v. Cotton*, No. 99-4162, slip op. at 9, ___ F.3d ___ (4th Cir. Aug. 10, 2001). Dinnall was properly indicted for conspiracy to posses an unidentified quantity of cocaine base with the intent to distribute in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(C). The error in this case does not arise from the indictment or from Dinnall's guilty plea; rather, it arises from the district court's judgment imposing a sentence beyond the statutory maximum of the crime for which Dinnall was indicted and to which he pleaded guilty.

error.[4] See Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We may notice an error not preserved by a timely objection only if the defendant establishes "that error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998) (citing *Olano*, 507 U.S. at 732). Even when a defendant satisfies these standards, "correction of the error remains within our sound discretion, which we 'should not exercise . . . unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."'" *United States v. Hastings*, 134 F.3d at 239 (citing *Olano*, 507 U.S. at 732) (alterations in original). Again, *Promise* controls our resolution of this issue. After recognizing that imposition of a sentence beyond the statutory maximum for 21 U.S.C. § 841(b)(1)(C) was error where a threshold drug quantity was neither alleged in the indictment nor submitted to the jury, the *Promise* court concluded that, based on *Apprendi* and the unanimous application of *Apprendi* to the drug statute by other circuit courts, the error was plain. See *Promise*, 255 F.3d at 160. The *Promise* court also concluded that a defendant who is sentenced beyond the statutory maximum of the crime for which he was indicted and convicted has established that such error affects his substantial rights. See *Promise*, 255 F.3d at 160-161.

Assuming a defendant establishes plain error that affects his substantial rights, the authority to notice the error ultimately remains in our discretion. See *United States v. Hastings*, 134 F.3d at 239. No majority of the *Promise* court reached agreement as to whether we should exercise our discretion to notice plain error in this circumstance. This open question has been resolved by a recent decision of this court in *United States v. Cotton*, No. 99-4162, slip op. at 12, ___ F.3d ___ (4th Cir. Aug. 10, 2001). In *Cotton*, several defendants were indicted for and convicted of conspiracy to distribute and possession with intent to distribute cocaine base and another controlled substance. The indictment against the defendants did not allege a specific drug quantity and the issue of drug quantity was not submitted to the jury. At sentencing, the district court found, based on a preponderance

---

[4]Although Dinnall objected to the amount of drugs the district court calculated was attributable to him, he did not raise an *Apprendi*-type objection on the grounds that the drug quantity was not alleged in the indictment.

of the evidence that over 1.5 kilograms of cocaine base was attributable to each of the defendants for their participation in the conspiracy. Based on that finding, the district court imposed sentences upon several of the defendants that exceeded the maximum sentence authorized by 21 U.S.C. § 841(b)(1)(C) for a violation involving an unspecified drug quantity. Citing *Promise*, we confirmed that such a sentence was plain error and that it affected substantial rights. See *Cotton*, slip op. at 12.

We went on to conclude that such an error is jurisdictional in nature. The district court lacked jurisdiction to sentence the defendants for a crime for which they were neither indicted nor convicted. The *Cotton* court concluded that "*sentencing* a defendant for an unindicted crime . . . seriously affects the fairness, integrity or public reputation of judicial proceedings," and warrants exercise of our discretion to notice the error. *Cotton*, slip op. at 12. The *Cotton* court reasoned that the district court exceeded its jurisdiction, as well as impaired the defendant's constitutional rights, by establishing an element of the crime, not included in the grand jury indictment, and then using this element to increase the sentence beyond the statutory maximum. See *Cotton*, slip op. at 13. Where the plain error at issue is jurisdictional, as here, the quantum of evidence allegedly supporting indictment or conviction of an aggravated drug offense based on a threshold drug quantity is irrelevant to the exercise of our discretion to notice such error. See *Cotton*, slip op. at 13. Thus, we vacate Dinnall's sentence and remand for re-sentencing with instructions to sentence him to a term of imprisonment not to exceed 20 years.

### III.

We have also considered the arguments made by Dinnall in his *pro se* brief and are of opinion they are without merit.

While the judgment of conviction is affirmed, the sentence is vacated and the case remanded for resentencing in accordance with this opinion.

*CONVICTION AFFIRMED, SENTENCING VACATED AND CASE REMANDED WITH INSTRUCTIONS FOR RESENTENCING*