UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DERICK ANTHONY PETERSEN, a/k/a
Sean, a/k/a Seth Byrd,
          *Defendant-Appellant.*

No. 01-4342

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-155)

Submitted: November 27, 2001

Decided: December 17, 2001

Before WIDENER, TRAXLER, and KING, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

**COUNSEL**

Marcia Gail Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C.,
Decatur, Georgia, for Appellant. Paul J. McNulty, United States
Attorney, Brian R. Hood, Assistant United States Attorney, Rich-
mond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Derick A. Petersen appeals his 262-month sentence for possessing cocaine base with the intent to distribute in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). We affirm in part, vacate in part, and remand with instructions for resentencing.

First, Petersen argues Congress' decision to continue punishing convicted crack cocaine dealers more severely than powder cocaine dealers, in light of the 1995 and 1997 reports by the United States Sentencing Commission, violates his Eighth and Fourteenth Amendment rights. We disagree. The Sentencing Commission reports "[do] not change our earlier holdings" on the constitutionality of the sentencing disparity between crack cocaine and powder cocaine. *United States v. Banks*, 130 F.3d 621, 626 (4th Cir. 1997) (quoting *United States v. Hayden*, 85 F.3d 153, 158 (4th Cir. 1996)). "Congress could rationally have concluded that distribution of cocaine base [crack] is a greater menace to society than distribution of cocaine powder and warranted greater penalties because it is less expensive and, therefore, more accessible, because it is considered more addictive than cocaine powder and because it is specifically targeted toward youth." *Id.* Thus, we affirm the district court's denial of Petersen's motion to declare his sentence unconstitutional on this ground.

Second, the Government concedes Petersen's sentence is invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it exceeds the 240-month statutory maximum of 21 U.S.C.A. § 841(b)(1)(C) and because the indictment failed to allege a threshold drug quantity. We agree. The imposition of a sentence beyond the statutory maximum of 21 U.S.C.A. § 841(b)(1)(C) is plain error where the threshold drug quantity was not alleged in the indictment or submitted to the jury. This error affects a defendant's substantial rights and is jurisdictional in nature. *See United States v. Dinnall*, No.

99-4936, ___ F.3d ___ (4th Cir. Oct. 15, 2001). "Where the plain error at issue is jurisdictional, as here, the quantum of evidence allegedly supporting indictment or conviction of an aggravated drug offense based on a threshold drug quantity is irrelevant to the exercise of our discretion to notice such error." *Dinnall*, slip op. at 8. Thus, we vacate Petersen's sentence and remand for resentencing with instructions to sentence him to a term not to exceed twenty years imprisonment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*