**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

VICTOR CORTES-PONCE,
      *Defendant-Appellant.*

No. 00-4523

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-99-885-DWS)

Submitted: November 9, 2001

Decided: December 18, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

## COUNSEL

John Delgado, Kathrine H. Hudgins, Columbia, South Carolina, for
Appellant. Scott N. Schools, United States Attorney, Jane B. Taylor,
Assistant United States Attorney, Ann Agnew Cupp, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Victor Cortes-Ponce appeals his conviction and 120-month sentence imposed after he pled guilty to conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C.A. § 846 (West 1999). Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), Cortes-Ponce asserts that the district court did not have jurisdiction to accept his guilty plea, the court constructively amended the indictment by holding him accountable for a drug amount not charged in the indictment, and his sentence exceeded the statutory maximum. We affirm in part, vacate in part, and remand for resentencing. *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (discussing plain error standard of review), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

Cortes-Ponce argues that the indictment is defective because it failed to charge the quantity of marijuana as an element of the offense, thereby depriving the district court of jurisdiction to accept his guilty plea. We find that the indictment properly charged the offense for which Cortes-Ponce was convicted. *United States v. Dinnall*, ___ F.3d ___, ___, 2001 WL 1229174, at *4 (4th Cir. Oct. 15, 2001) (No. 99-4936) (holding that guilty plea to drug trafficking offense involving unspecified quantity of drugs not called into question when defendant received sentence in excess of twenty-year statutory maximum authorized by 21 U.S.C.A. § 841(b)(1)(C) (West 1999)); *Promise*, 255 F.3d at 160 (finding indictment sufficient where it charged defendant with conspiracy to possess with intent to distribute "a quantity of cocaine and cocaine base"). We also find that there was no constructive amendment to the indictment. *United States v. Cotton*, 261 F.3d 397, 405 (4th Cir. 2001) (stating that sentencing

defendant to aggravated drug trafficking offense "did not technically result in a constructive amendment to the indictment as the court did not broaden the possible bases for conviction beyond those presented by the grand jury"), *petition for cert. filed*, Oct. 31, 2001.

Cortes-Ponce also asserts that his sentence is invalid after *Apprendi*. In applying *Apprendi* to drug offenses in §§ 846 and 841, we recently held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *Promise*, 255 F.3d at 156-57 (footnotes omitted). Here, drug quantity was not charged in the indictment. We therefore find that there was error and that the error was plain. *Id.* at 156-57, 160. Because Cortes-Ponce's 120-month sentence exceeded the five-year statutory maximum for offenses involving less than fifty kilograms of marijuana under 21 U.S.C.A. § 841(b)(1)(D), we find that the error affected Cortes-Ponce's substantial rights. *Cotton*, 261 F.3d at 405; *Promise*, 255 F.3d at 160.

Having concluded that plain error affected Cortes-Ponce's substantial rights, we exercise our discretion to notice the error. *Cotton*, 261 F.3d at 404-05. The indictment charged Cortes-Ponce with conspiring to distribute an unspecified quantity of marijuana, *see* 21 U.S.C.A. § 841(b)(1)(D), but he "received a sentence for a crime—an aggravated drug trafficking offense under section 841(b)(1)(A)—with which [he was] *neither* charged *nor* convicted." *Cotton*, 261 F.3d at 404; *see Dinnall*, ___ F.3d at ___, 2001 WL 1229174, at *4.

Accordingly, we vacate Cortes-Ponce's 120-month sentence and remand for resentencing with instructions to sentence Cortes-Ponce to a term of imprisonment not to exceed the five-year statutory maximum in § 841(b)(1)(D). We affirm the judgment in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*