UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JERRY WAYNE MOODY, JR., a/k/a
Cakemix, a/k/a Cake,
            *Defendant-Appellant.*

No. 01-4382

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-99-186-MU)

Submitted: December 4, 2001

Decided: January 18, 2002

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

## COUNSEL

Aaron Edmund Michel, Charlotte, North Carolina, for Appellant.
Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jerry Wayne Moody appeals his conviction of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1999). We affirm in part and dismiss in part.

Moody pled guilty pursuant to a valid plea agreement in which he waived his right to appeal his conviction and sentence. Because a valid waiver provision does not bar appellate review of certain "fundamental and immutable" constitutional challenges, *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) (citing *United States v. Bushert*, 997 F.2d 1343, 1350 n.18 (11th Cir. 1993)), we review Moody's constitutional claims on their merits.

Moody claims his constitutional rights were violated because he was not made aware of the Superseding Indictment at the time of his plea. Moody did not object to the Presentence Investigation Report's references to the Superseding Indictment or to its statement that Moody pled guilty to Count One of the Superseding Bill of Indictment. Therefore, we find this claim meritless.

Moody contends the district court erred in applying certain sentencing enhancements to his offense level, thereby violating his constitutional rights. The Government did not seek enhancements and the district court did not consider enhanced penalties when it sentenced Moody. Therefore, we find this claim meritless.

Moody also contends it was error, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to increase his sentence for possession of a firearm and for playing a leadership role and to add criminal history points for a state conviction when those facts were not charged in the indictment and proved beyond a reasonable doubt. Sentencing

enhancements that do not increase the statutory maximum do not implicate *Apprendi*. *United States v. Kinter*, 235 F.3d 192, 199-201 (4th Cir.), *cert. denied*, 121 S. Ct. 1393 (2001). None of the enhancements Moody contests increased the statutory maximum. Furthermore, there is no plain error because Moody's sentence does not exceed the statutory maximum. *See United States v. Dinnall*, 269 F.3d 418, ___, 2001 WL 1229174, at *4 n.3 (4th Cir. 2001).

Moody's ineffective assistance of counsel claim is not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively establish ineffective assistance of counsel, this claim must be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2001) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). We therefore dismiss the appeal as to that claim.

Accordingly, we affirm Moody's conviction and sentence and dismiss his ineffective assistance of counsel claim. We grant Moody's pro se motion to file a supplemental brief and have considered the arguments raised in his brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*