**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ANGEL FUENTES, a/k/a Shorty, a/k/a
Luis A. Cortes,
        *Defendant-Appellant.*

No. 99-4756

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-12)

Submitted: December 11, 2001

Decided: January 18, 2002

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Carl J. Roncaglione, Jr., Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Angel Fuentes pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base (crack), cocaine, and marijuana, in violation of 21 U.S.C. § 846 (1994). He was sentenced as a career offender to a term of 292 months imprisonment. Fuentes appeals his sentence, arguing that the district court erred in sentencing him as a career offender and that his sentence violates the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We find that the district court correctly sentenced Fuentes as a career offender. Consequently, we deny Fuentes' motion to modify the record or, alternatively, to hold the appeal in abeyance and remand for further proceedings on that issue. However, we agree that the 292-month sentence cannot stand under *Apprendi*. We grant Fuentes' two motions for leave to file supplemental briefs raising *Apprendi*. We vacate the sentence and remand for resentencing on that basis.

A defendant is a career offender if he was at least eighteen when he committed the instant offense, the instant offense is a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000). Fuentes had two prior adult felony convictions for controlled substance offenses. Both offenses occurred in New York in March 1989, and Fuentes was sentenced to concurrent terms for both offenses on November 6, 1989. He received an indeterminate sentence of one to three years for Criminal Sale of a Controlled Substance in the Third Degree, and an indeterminate sentence of three years to life for Criminal Sale of a Controlled Substance in the Second Degree. Fuentes went through a shock incarceration program and was paroled in June 1990. Although Fuentes initially informed the probation officer that he had been born in 1969, at sentencing he asserted that he had been born in 1972. The probation officer was

unable to confirm his birth either in Puerto Rico or the Dominican Republic. The district court determined that Fuentes had used two different birth dates at different times but that, based on available information, Fuentes was over eighteen when he committed the prior offenses and qualified as a career offender.

On appeal, Fuentes first argues that the probation officer and the district court ignored New York State Parole Division documents which stated that his birth date was May 24, 1972, and thus ignored the fact that he was a juvenile at the time he committed the prior offenses. However, even if Fuentes was under eighteen at the time he committed the prior offenses, he would meet the definition of a career offender if he received adult sentences for the prior convictions. Application Note 1 to USSG § 4B1.2 defines a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of . . . the actual sentence imposed." Further, Application Note 1 states that "[a] conviction for an offense committed before age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . ." Neither of the predicate offenses was identified as a juvenile conviction by New York authorities.

Fuentes argues (1) that he did not receive an adult sentence of more than one year and one month for either prior offense, relying on *United States v. English*, No. 96-4246 (4th Cir. Mar. 9, 1999) (unpublished), and (2) that his prior offenses were related cases because they were consolidated for sentencing. However, in *English*, the defendant's sentence of imprisonment was entirely suspended, leaving no "sentence of imprisonment." *See* USSG § 4A1.2(b)(2). Under Application Note 7 to § 4A1.2, the conviction was thus uncountable as an adult conviction for career offender purposes. By contrast, no portion of either of Fuentes' sentences was suspended. Therefore, under USSG § 4A1.2(b)(2), the sentence of imprisonment in each of Fuentes' prior cases was the maximum sentence imposed—three years for the first offense and life for the second offense. The prior sentences were not related because they were separated by an intervening arrest. *See* USSG § 4A1.2, cmt. n.3.

Fuentes claims that his March 16, 1989, drug offense cannot serve as a predicate offense under § 4B1.1 because, as a Class B felony, it was eligible for Youthful Offender treatment under New York law. Although Fuentes was not sentenced as a Youthful Offender for either prior drug offense, he states that his first, eligible offense was "overshadowed" by the second drug offense, a Class A-II felony which was ineligible for Youthful Offender treatment.* However, because Fuentes received adult sentences for both convictions, the fact that he may have been eligible for youthful offender treatment for one of the offenses is not relevant.

Finally, Fuentes claims that the New York Youthful Offender statute is unconstitutional, and that to sentence him as a career offender because he was not given youthful offender treatment under such a statute would be a denial of due process and equal protection. He relies principally on *People v. Drummond*, 359 N.E.2d 663 (N.Y. 1976), which held the New York Youthful Offender statute unconstitutional because, at the time, a defendant was excluded from youthful offender treatment if he had been charged with certain crimes. The statute has since been amended, and the exclusion is now keyed to the crime of conviction. *See* N.Y. Crim. Proc. § 720.10(2)(a). Therefore, Fuentes' due process argument fails.

While Fuentes' appeal was pending, the Supreme Court held that any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Because *Apprendi* was decided while Fuentes' case was on

---

*The New York Youthful Offender Statute, N.Y. Crim. Proc. § 720.10 (McKinney 1995) (youthful offender procedure), currently provides (in pertinent part) that any person charged with committing a crime between age sixteen and nineteen is eligible for youthful offender treatment unless he has been convicted of a class A-I or A-II felony, or he has previously been convicted and sentenced for a felony. Under N.Y. Crim. Proc. § 720.20(2) (McKinney 1995) (youthful offender determination), when an eligible youth is convicted of two crimes set out in separate charging instruments, "the court must not find him a youthful offender with respect to any such conviction . . . unless it finds him a youthful offender with respect to all such convictions."

direct review, we apply the rule of *Apprendi* to his appeal. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Because Fuentes did not raise an *Apprendi*-type argument in the district court, this Court may review only for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (stating standard).

Fuentes' guilty plea is not affected by *Apprendi*. *See United States v. Dinnall*, 269 F.3d 418, 423 n.3 (4th Cir. 2001) (validity of guilty plea to drug offense involving an unspecified quantity of drugs is not called into question when defendant receives a sentence in excess of the sentence authorized under § 841(b)(1)(C)); *United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001) (en banc) (conviction for unspecified quantity of drugs is not error), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398). Fuentes' five-year term of supervised release does not violate the rule in *Apprendi* because this court has held that the three-year statutory cap in 18 U.S.C.A. § 3583(b) (West 2000), does not apply to § 841(b)(1)(C). *United States v. Pratt*, 239 F.3d 640, 647 (4th Cir. 2001).

However, Fuentes' sentence of 292 months imprisonment exceeded the applicable statutory maximum penalty for the crime of which he was convicted. Because drug quantity was not charged in the indictment, Fuentes was subject to a statutory maximum sentence of twenty years imprisonment under 21 U.S.C.A. § 841(b)(1)(C), for his conviction. *Promise*, 255 F.3d at 152 (applying *Apprendi* to drug offenses in §§ 841 and 846, and holding that drug quantity "must be treated as [an] element[ ] of an aggravated drug trafficking offense" under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B), not merely a sentencing factor). Fuentes' sentence of 292 months imprisonment for his conviction was thus plainly erroneous. *Id.* at 156-57, 160. The total maximum sentence to which Fuentes was exposed was twenty years because he was convicted of a single count and the government did not seek an enhanced sentence based on his prior felony drug convictions pursuant to 21 U.S.C. § 851 (1994). The error thus affected his substantial rights. *United States v. Cotton*, 261 F.3d 397, 406-07 (4th Cir. 2001) (holding that sentence exceeding maximum authorized by § 841(b)(1)(C) for offense involving unspecified drug quantity is plain error affecting substantial rights and is jurisdictional in nature), *cert. granted*, 2002 WL 10623, 70 U.S.L.W. 3348 (U.S. Jan. 4, 2002) (No. 01-687). Fuentes was charged with conspiracy to distribute and

possess an unspecified quantity of crack and other drugs with intent to distribute, *see* 21 U.S.C.A. § 841(b)(1)(C), but he "received a sentence for a crime—an aggravated drug trafficking offense under section 841(b)(1)(A)—with which [he was] *neither* charged *nor* convicted." *Cotton*, 261 F.3d at 404. In *Cotton*, we concluded that an error of this nature is "fundamental," and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," and that, consequently, we are "at liberty to correct it." *Cotton*, 261 F.3d at 405 (internal quotations and citations omitted). We explicitly rejected the government's argument that overwhelming evidence of drug quantity can excuse the error. *Id.* at 407. We therefore exercise our discretion to notice the error, vacate Fuentes' sentence, and remand for resentencing consistent with *Apprendi* and *Promise*. *See* USSG § 5G1.1(a).

We therefore affirm the sentence in part, but vacate the judgment and remand for resentencing in accordance with *Apprendi*. We deny Fuentes' motion to modify the record, hold the appeal in abeyance, or remand the case to allow him to present new evidence concerning his birth date. We grant his motions to file supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*