UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                             No. 00-4393

MICHAEL LANE SUTTON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-99-885-DWS)

Submitted: January 23, 2002

Decided: February 7, 2002

Before LUTTIG, MOTZ, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph P. Strom, Jr., STROM & YOUNG, L.L.P., Columbia, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Michael Lane Sutton pled guilty to one count of conspiracy to dis-
tribute marijuana, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West
2000). He appeals his sentence. Sutton's attorney has filed a brief in
accordance with *Anders v. California*, 386 U.S. 738 (1967), stating
that there are no meritorious issues for appeal, but raising three issues
for our consideration. While this appeal was pending, the Supreme
Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and we
ordered supplemental briefing on the impact of *Apprendi* on Sutton's
sentence. Sutton has not filed a pro se supplemental brief, despite
being advised of his right to do so. On Sutton's motion, we decide
this case without oral argument.

Sutton first argues that the district court erred in refusing to reduce
his offense level based on his role in the offense. A district court's
determinations as to the defendant's role in an offense are reviewed
for clear error. *See United States v. Daughtrey*, 874 F.2d 213, 218
(4th Cir. 1989). At sentencing, Sutton argued for a four level decrease
in his offense level under § 3B1.2(a) of the Sentencing Guidelines*
because "he was only recruited as a courier in a single smuggling
transaction." *See* USSG § 3B1.2, comment. (n.2).

We have held that a drug courier is not necessarily a minor or mini-
mal participant in a drug conspiracy, and that application of § 3B1.2
is a function of the defendant's culpability, not merely his courier sta-
tus. *See United States v. White*, 875 F.2d 427, 434 (4th Cir. 1989).
Our review of the record convinces us that Sutton's role in the trans-
action was that of a facilitator, or "go-between," who is not entitled
to an adjustment as a minor participant. *See United States v. Glasco*,
917 F.2d 797, 800 (4th Cir. 1990). Moreover, Sutton filled an essen-

---

*\*U.S. Sentencing Guidelines Manual* (1998).

tial role in the sale of over two hundred pounds of marijuana, hardly an amount that can be characterized as "small." *See United States v. Withers*, 100 F.3d 1142, 1147 (4th Cir. 1996).

Sutton next contends that the district court erred in denying a downward adjustment because his criminal history category of IV overstated the seriousness of his prior criminal activity. The district court found that Sutton's multiple convictions for driving while intoxicated were serious offenses and that his criminal history was not overstated, and declined to adjust his offense level. Because the record indicates that the district court understood its authority to depart downward, but determined that such a departure was not warranted, this exercise of discretion by the sentencing judge is not reviewable on appeal. *See United States v. Hall*, 977 F.2d 861, 866 (4th Cir. 1992).

Sutton also argues that the district court denied him due process and abused its discretion in refusing to recommend that the Bureau of Prisons place Sutton into a drug treatment program. The district court declined to recommend Sutton for a treatment program, but recommended that he be evaluated for alcohol abuse. Our review of the record convinces us that the district court complied with its duty to consider medical care or other correctional treatment when determining an appropriate sentence, *see* 18 U.S.C.A. § 3553(a)(2)(D) (West 2000), and did not abuse its discretion in declining to recommend drug treatment.

In his supplemental brief, Sutton argues that his sentence to sixty-three months imprisonment violates *Apprendi*. Sutton did not raise an *Apprendi* argument in the district court, and thus our review is for plain error. To find plain error, Sutton "must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Promise*, 255 F.3d 150, 154 (4th Cir.) (en banc), *petition for cert. filed,* (U.S. Sep. 20, 2001) (No. 01-6398) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

In applying *Apprendi* to § 841, we held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, i.e., charged in the indictment and proved to the jury beyond a reasonable doubt." *Promise*, 255 F.3d at 156-57 (foot-

notes omitted). Because drug quantity was not charged in the indict-ment or submitted to the jury, we found that there was error that was plain. *Id.* at 157-60. Because the defendant's 360 month sentence exceeded the twenty-year statutory maximum in § 841(b)(1)(C) for convictions involving an unspecified amount of drugs, we also found that the error in the sentence affected the defendant's substantial rights. *Id.*

In *United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), *cert. granted*, 2002 WL 10623, 70 U.S.L.W. 3348 (U.S. Jan. 4, 2002) (No. 01-687), a panel of the Court addressed the question left open in *Promise*: whether the Court should exercise its discretion to notice the error when the indictment failed to charge a specific threshold drug quantity and the defendants were sentenced to more than the statutory maximum in § 841(b)(1)(C). *Cotton*, 261 F.3d at 403-04. The Court defined the nature of the error as a defect in the indictment:

> [B]ecause an indictment setting forth all the essential ele-ments of an offense is both mandatory and jurisdictional, and a "defendant cannot be 'held to answer' for any offense not charged in an indictment returned by a grand jury," a court is without "jurisdiction to . . . impose a sentence for an offense not charged in the indictment."

*Id.* at 404-05 (internal quotation marks and citations omitted). The Court held that it should exercise its discretion to notice the error because it seriously affects the fairness, integrity, or public reputation of judicial proceedings to sentence the defendants "for a crime—an aggravated drug trafficking offense under section 841(b)(1)(A)-— with which they were neither charged nor convicted." *Id.* at 404, 406. Thus, the Court vacated the defendants' sentences in excess of the statutory maximum in § 841(b)(1)(C) and remanded for resentencing. *Id.* at 407.

We recently considered the application of *Apprendi* and its progeny in the context of a guilty plea in *United States v. Dinnall*, 269 F.3d 418 (4th Cir. 2001). We first established that a guilty plea does not obviate an *Apprendi* error in a defendant's sentence when drug quan-tity is not specified in the indictment, and that the analytical frame-work of *Promise* applies to guilty pleas. *Id.* at 423 n.3. Applying

*Promise* and *Cotton*, we affirmed Dinnall's conviction but determined that his thirty year sentence was beyond the sentencing jurisdiction of the district court and remanded for resentencing within the twenty year statutory maximum of § 841(b)(1)(C). *Id.* at 423-24.

Turning to this case, we conclude that Sutton's sentence on the drug conspiracy count is erroneous. Because a specific threshold drug quantity was not charged in the indictment to which Sutton pled guilty, the maximum sentence to which Sutton was subject was five years. *See* 21 U.S.C.A. § 841(b)(1)(D) (providing for maximum sentence of five years for violations of § 841 involving less than fifty kilograms of marijuana). Because Sutton's sixty-three month sentence exceeded this statutory maximum, Sutton has demonstrated plain error that affected his substantial rights. *Dinnall*, 269 F.3d at 423; *Cotton*, 261 F.3d at 403. Under *Cotton*, this error is jurisdictional and requires corrective action. *Dinnall*, 269 F.3d at 423-24; *Cotton*, 261 F.3d at 406. Sutton's assertion that the offense level calculations at resentencing should be based upon a maximum quantity of fifty kilograms of marijuana, rather than the 104 kilograms attributed to Sutton in the presentence report, is foreclosed by this court's decision in *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001). Thus we vacate Sutton's sentence and remand for resentencing with instructions to sentence him based upon a statutory maximum of five years.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. Accordingly, we affirm Sutton's conviction, but vacate the sentence and remand for resentencing in accordance with this opinion.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*