# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 00-4015

ANTHONY FEURTADO,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 00-4672

ANTHONY FEURTADO,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-325, CR-95-669)

Submitted: January 14, 2002

Decided: March 5, 2002

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert A. Ratliff, Mobile, Alabama; R. Jeanese Cabrera, Bridgeport, Connecticut, for Appellant. J. Strom Thurmond, Jr., United States

Attorney, Mark C. Moore, Assistant United States Attorney, Ann Agnew Cupp, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1997, Anthony Feurtado pled guilty to one count of conspiracy to possess with intent to distribute and to distribute crack cocaine and one count of money laundering. In these consolidated appeals, Anthony Feurtado appeals the amended judgment of conviction entered after this Court vacated the sentence and remanded to the district court for further proceedings and the district court's denial of his motion for relief from judgment. On appeal, this court remanded the case, stating:

> the district court may, in its discretion, *see Moore v. United States*, 592 F.2d 753, 756 (4th Cir. 1979), accept the respective plea agreement of an individual defendant and resentence the defendant so that the sentence of imprisonment plus the statutory five year period of supervised release does not exceed the actual term of imprisonment stated in the plea agreement. In the alternative, the district court may reject the plea agreement and allow the defendant to withdraw his guilty plea and plead again.

*United States v. Feurtado*, 191 F.3d 420, 428 (4th Cir. 1999). The court closed by stating "on remand the district court, at its option," may either impose a sentence in accordance with the sentence in the plea agreement or allow the defendants to withdraw the pleas and plead again. *Id.* at 429. On remand, the district court sentenced Feurtado to 210 months' imprisonment and 5 years' supervised release, in accordance with this court's mandate and the terms of the

plea agreement. On appeal, Feurtado claims: (1) the district court erred by not permitting him to withdraw his guilty plea; (2) the district court lacked jurisdiction because the indictment did not include a drug quantity; (3) the guilty plea was not voluntary because the indictment did not include a drug quantity; and (4) the venue for the money laundering charge was not proper. Feurtado has filed motions in each appeal to file a pro se supplemental brief and a pro se supplemental brief. We grant the motion but find the issues raised in the brief to be without merit. Finding no reversible error, we affirm.

We find the district court did not abuse its discretion by sentencing Feurtado in accordance to the terms of the plea agreement and the mandate. Because Feurtado was sentenced below the statutory maximum term of imprisonment authorized under 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2001), the district court's imposition of a sentence was within its jurisdiction. *United States v. Dinnall*, 269 F.3d 418, 423 (4th Cir. 2001) (district court not acting in excess of its jurisdiction if sentence for a crack cocaine conspiracy offense in which the indictment did not charge a drug quantity does not exceed twenty years' imprisonment).

We find Feurtado's guilty plea was knowing and voluntary. Feurtado pled guilty to conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C.A. §§ 841(a)(1) & 846 (West 1999 & Supp. 2001). He was sentenced to a term of imprisonment below the statutory maximum of § 841(b)(1)(C) and in accordance with the terms of the plea agreement. Accordingly, Feurtado was sentenced in accordance to the crime for which he was indicted and pled guilty. Thus, there was no error. *See Dinnall*, 269 F.3d at 423 n.3.

Feurtado claims venue on the money laundering charge was improper because all conduct concerning that charge occurred in California. We find this issue waived because it was not preserved in the district court or raised during the first appeal. *See United States v. Stewart*, 256 F.3d 231 (4th Cir. 2001), *cert. denied*, ___ U.S. ___, 2001 WL 1283457 (U.S. Nov. 26, 2001) (No. 01-6797); *United States v. Santiesteban*, 825 F.2d 779, 783 (4th Cir. 1987).

Accordingly, we affirm the amended judgment of conviction.* We

---

*Insofar as Feurtado appeals the district court's denial of his motion for relief from judgment, the issue is waived.

grant Feurtado's motions to file a pro se supplemental brief. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*