Filed:  March 12, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 00-4489
(CR-98-298-MU)

United States of America,

Plaintiff - Appellee,

versus

Angelo Victor Newbill, Jr., etc.,

Defendant - Appellant.

O R D E R

The court amends its opinion filed February 13, 2002, as follows:

On the cover sheet, section 7, line 1 -- counsel's name is corrected to read "James G. Middlebrooks."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    v.                                          No.
00-4489

ANGELO VICTOR NEWBILL, JR., a/k/a
Angelo Victor Newbill,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-298-MU)

Submitted: January 31, 2002

Decided: February 13, 2002

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

COUNSEL

James G. Middlebrooks, SMITH, HELMS, MULLISS & MOORE,
L.L.P., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr.,
United States Attorney, Gretchen C.F. Shappert, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Angelo Victor Newbill, Jr., was convicted pursuant to his guilty plea of one count of conspiracy to possess with the intent to distribute cocaine base, cocaine, and marijuana in violation of 21 U.S.C.A. § 846 (West Supp. 2001), and sentenced to 360 months incarceration. On appeal, he alleges the district court abused its discretion by denying his motion to withdraw his guilty plea. While opposing Newbill's arguments with respect to his guilty plea, the Government simultaneously raises and concedes that Newbill's sentence is invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm in part, vacate in part, and remand for resentencing.

Newbill possesses no absolute right to withdraw his plea of guilty. *United States v. Ewing*, 957 F.2d 115, 118 (4th Cir. 1992). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). The defendant has the burden of demonstrating "a fair and just reason" for withdrawal. Fed. R. Crim. P. 32(e); *Ubakanma*, 215 F.3d at 424. A "fair and just reason" is one that challenges the Fed. R. Crim. P. 11 colloquy. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995).

To determine whether a defendant has shown a fair and just reason for withdrawal, a trial court should consider the six factors set out in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). *Ubakanma*, 215 F.3d at 424. The *Moore* factors are: (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance from competent counsel; (5) whether withdrawal will prejudice the government; and (6) whether it will inconvenience the court and waste judicial resources.

2

Although all the factors in *Moore* must be given appropriate weight, the key to determining whether a motion to withdraw a guilty plea should be granted is whether the Rule 11 hearing was properly conducted. *Puckett*, 61 F.3d at 1099. This court closely scrutinizes the Rule 11 colloquy. An adequate Rule 11 proceeding creates a strong presumption that the guilty plea is binding. Having reviewed the record of the hearing conducted in the district court on Newbill's motion to withdraw his guilty plea, we find no abuse of discretion in the district court's denial of Newbill's motion. We accordingly affirm his conviction.

As for Newbill's 360-month sentence, the Government concedes Newbill's sentence is invalid under *Apprendi* because it exceeds the 240-month statutory maximum of 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2001), and because the indictment failed to allege a threshold drug quantity. We agree. The imposition of a sentence beyond the statutory maximum of § 841(b)(1)(C) is plain error where the threshold drug quantity was not alleged in the indictment or sub-mitted to the jury. This error affects a defendant's substantial rights and is jurisdictional in nature. *See United States v. Dinnall*, 269 F.3d 418 (4th Cir. 2001). "Where the plain error at issue is jurisdictional, as here, the quantum of evidence allegedly supporting indictment or conviction of an aggravated drug offense based on a threshold drug quantity is irrelevant to the exercise of our discretion to notice such error." *Id.* at 424. *See United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), *cert. granted*, 2002 WL 10623, 70 U.S.L.W. 3348 (U.S. Jan. 4, 2002) (No. 01-687). Thus, we vacate Newbill's sentence and remand for resentencing in accordance with 21 U.S.C.A. § 841(b)(1)(C).

We dispense with oral argument because the facts and legal conten-tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*