**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GREGORY LEE RUTHERFORD, a/k/a G,
*Defendant-Appellant.*

No. 00-4546

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DAVID FRANKLIN RUTHERFORD,
*Defendant-Appellant.*

No. 01-4020

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TONY DURANT HARDY, a/k/a Tony
Scott, a/k/a Woo, a/k/a Bugs,
*Defendant-Appellant.*

No. 01-4021

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DARRIN W. CALDWELL, a/k/a Darren,
a/k/a Officer Darrell,
*Defendant-Appellant.*

No. 01-4091

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-9)

Submitted: May 28, 2002

Decided: June 14, 2002

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Anthony S. Ketron, Scott W. Gaylord, Janet J. Higley, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina; Albert J. Siemens, Asheville, North Carolina; Charles W. McKeller, Brevard, North Carolina; Ronald C. True, Asheville, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

   Darrin W. Caldwell, Tony Durant Hardy, David Franklin Rutherford, and Gregory Lee Rutherford were convicted by a jury of one

count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999). On appeal, the Appellants contend: (1) the evidence is insufficient to sustain the convictions; (2) the district court erred by admitting evidence of drug convictions under Rule 404(b) of the Federal Rules of Evidence; (3) the sentences are unconstitutional; and (4) the district court's factual findings regarding drug quantities for sentencing purpose were clearly erroneous. We grant the Government's motion to supplement the appendix and affirm the convictions and sentences.

We must affirm the convictions if there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdicts. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, this court inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, the court assumes the fact finder resolved all contradictions in the evidence in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The fact finder, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994).

To prove a conspiracy to possess cocaine base with intent to distribute, the Government must establish: (1) an agreement to possess cocaine with the intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy. *Burgos*, 94 F.3d at 857. "[A] conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement." *Id.*, 94 F.3d at 857. A conspiracy may be proven entirely by circumstantial evidence. "Circumstantial evidence tending to prove a conspiracy may consist of a defendant's 'relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy.'" *Id.* at 858 (quoting *United States v. Collazo*, 732 F.2d 1200, 1205 (4th Cir. 1984)). "[T]he requisite agreement to act in concert need not result in any such formal structure, indeed frequently, in contemporary drug conspiracies, contemplates and results in only a loosely-knit association of mem-

bers linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market." *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). We find there was substantial evidence to support the convictions.

Review of a district court's determination of the admissibility of evidence under Rule 404(b) is for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). Evidentiary rulings are also subject to review for harmless error under Federal Rule of Criminal Procedure 52, and will be found harmless if the reviewing court can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Nyman*, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

Under Rule 404(b), evidence of other bad acts is admissible if it is "probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). Such evidence is properly admitted when it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." *United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991) (internal citations and quotations omitted). Where error is founded on a violation of Rule 404(b), the test for harmlessness is "whether we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Heater*, 63 F.3d 311, 325 (4th Cir. 1995). "In applying this test, we must be mindful that it does not ask simply whether we believe that irrespective of the error there was sufficient untainted evidence to convict but, more stringently, whether we believe it highly probable that the error did not affect the judgment." *Nyman*, 649 F.2d at 212. The following three factors must be considered: "(1) the centrality of the issue affected by the error; (2) the steps taken to mitigate the effects of the error; and (3) the closeness of the case." *United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994).

We need not discuss the merits of the Appellants' claims because we conclude that any error regarding the admission into evidence of

their convictions was harmless. *United States v. Weaver*, 282 F.3d 302, 313 (4th Cir. 2002) (declining to discuss merits of claim because the admission of the evidence was harmless). The admitted evidence did not concern the central issue of whether there was an agreement by the Appellants to engage in a drug conspiracy. The district court gave a limiting instruction to the jury and it is presumed the jury followed the instruction. *United States v. Johnson*, 54 F.3d 1150, 1160 (4th Cir. 1995). Finally, this case was not close.

Because the Appellants were not sentenced above the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) (West 1999 & Supp. 2001), their sentences are not unconstitutional. *See United States v. Dinnall*, 269 F.3d 418, 423 (4th Cir. 2001); *United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (en banc), *cert. denied*, ___ U.S. ___, No. 01-6398 (May 28, 2002).

Finally, we find the district court's findings at sentencing regarding drug quantities were not clearly erroneous. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999).

We affirm the convictions and sentences. We grant the Government's motion to supplement the appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*