UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

STANLEY STEPHENS,

*Defendant-Appellant.*

No. 99-4703

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-99-249)

Submitted: December 28, 2001

Decided: January 22, 2002

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

## COUNSEL

William R. Williams, WILLCOX, BUYCK & WILLIAMS, P.A.,
Florence, South Carolina, for Appellant. Alfred William Walker
Bethea, Assistant United States Attorney, Florence, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Stanley Stephens appeals his conviction and 262 month sentence entered upon his guilty plea to conspiracy to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2001).

On appeal, Stephens' counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and Stephens has filed supplemental pro se briefs as well. First, Stephens and his counsel argue that his conviction and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Stephens' indictment failed to state a drug quantity. We affirm Stephens' conviction but vacate his sentence and remand so that he may be sentenced under 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2001). *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Dinnall*, 269 F.3d 418, 423 (4th Cir. 2001); *United States v. Promise*, 255 F.3d 150, 152-57 (4th Cir. 2001), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

Second, Stephens and his counsel argue the district court abused its discretion in failing to grant Stephens' motion to withdraw his guilty plea. We disagree. Stephens has failed to establish that his plea colloquy was plagued by an error affecting his substantial rights. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995); *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Third, in Stephens' supplemental pro se briefs, he asserts he received ineffective assistance of counsel in entering his guilty plea. The record does not conclusively establish Stephens received ineffective assistance of counsel. Consequently, we deny this claim without prejudice to Stephens' ability to raise it in a 28 U.S.C.A. § 2255 (West Supp. 2001) motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Accordingly, we affirm Stephens' conviction but vacate and remand for sentencing within the applicable statutory maximum. In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART; VACATED*
*AND REMANDED IN PART*