**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DAVID RUSSELL KERNS,
*Defendant-Appellant.*

No. 01-4193

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-00-31)

Submitted: January 7, 2002

Decided: January 24, 2002

Before WILKINS, TRAXLER, and GREGORY, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

## COUNSEL

David O. Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Sharon L. Potter, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

David Russell Kerns appeals his conviction and 168-month sentence following a guilty plea to possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). We affirm in part and dismiss in part.

Kerns asserts that in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his indictment is defective because it failed to charge the quantity of cocaine as an element of the offense, thereby depriving the district court of jurisdiction to accept his guilty plea. We find the indictment is sufficient because it properly charged the elements of the offense for which Kerns was convicted. *See United States v. Dinnall*, 269 F.3d 418, 423 n.3 (4th Cir. 2001); *United States v. Cotton*, 261 F.3d 397, 405 (4th Cir. 2001), *cert. granted*, 2002 WL 10623, 70 U.S.L.W. 3348 (U.S. Jan. 4, 2002) (No. 01-687); *United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001) (en banc), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6938). Thus, Kerns is not entitled to relief on this claim.

Kerns contests the validity of his guilty plea and sentence. We have reviewed the record and find that the district court complied with Fed. R. Crim. P. 11 in accepting Kerns' guilty plea. *See United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995). We therefore affirm Kerns' conviction.

Regarding Kerns' sentencing claims, a defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Our review of the plea agreement and the record of the plea colloquy reveal the waiver was knowing and voluntary. Moreover, the

sentence did not exceed the statutory maximum penalty, and there is no evidence that it was based on a constitutionally impermissible factor. *See Marin*, 961 F.2d at 496. We therefore dismiss this portion of the appeal.

Kerns also seeks to file a pro se supplemental brief in which he reiterates his *Apprendi* claim and challenges the constitutionality of § 841. While we grant Kerns' motion to file a pro se brief, for the reasons discussed above, we find Kerns' *Apprendi* claim is meritless. In addition, we have recently upheld the constitutionality of § 841. *See United States v. McAllister*, 272 F.3d 228, 232 (4th Cir. 2001).

Accordingly, we affirm Kern's conviction and dismiss that portion of the appeal which seeks to challenge his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*