**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

JAMES MICHAEL HILL,
　　　　　　　*Defendant-Appellant.*

No. 01-4333

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-215)

Submitted: January 29, 2002

Decided: February 21, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Brian A. Glasser, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Booth Goodwin, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Michael Hill pled guilty to aiding and abetting the distribution of cocaine under 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001) and 18 U.S.C. § 2 (1994), and was sentenced to ninety-six months imprisonment. (J.A. 129-30). Hill's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but raises the following issues, whether: (1) Hill's guilty plea was knowing and voluntary; (2) the district court had jurisdiction to accept the guilty plea for an unspecified amount of cocaine; (3) Hill's sentence is invalid in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (4) Hill's sentence was properly enhanced under the Sentencing Guidelines for use of a weapon and obstruction of justice. For the reasons that follow, we affirm.

First, the record reveals that Hill's plea of guilty was knowing and voluntary and that the district court did not commit reversible error in conducting its Fed. R. Crim. P. 11 colloquy with him. *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991).

Second, Hill argues that the district court lacked jurisdiction to accept his guilty plea to aiding and abetting the distribution of an unspecified amount of cocaine. This claim fails under this court's recent decision in *United States v. Dinnall*, 269 F.3d 418, 424 (4th Cir. 2001). In *Dinnall* we upheld the defendant's guilty plea conviction to conspiracy to possess with intent to distribute an unspecified amount of cocaine base but remanded for the district court to resentence Dinnall within the twenty-year statutory maximum conviction under 21 U.S.C.A. § 841(b)(1)(C). *Id.* at 420-24. Thus, in the instant case, the district court had jurisdiction to accept Hill's guilty plea.

Third, we decline Hill's invitation to adopt the reasoning in *United States v. Flowal*, 234 F.3d 932 (6th Cir. 2000), in which the Sixth Circuit suggested that *Apprendi* is implicated whenever a factual finding exposes a defendant to a higher sentence. *Flowal* is inconsistent with the *Apprendi* opinion itself, and we have held that *Apprendi* does not

require the government to submit to a jury facts relevant to sentence enhancements that do not extend the sentence beyond the statutory maximum. *United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001).

Finally, Hill argues that his sentencing enhancements for possession of a dangerous weapon under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000) and for obstruction of justice under USSG § 3C1.1 were erroneous. Because Hill failed to object to these enhancements in the district court, we review the claims only for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Cedelle*, 89 F.3d 181, 184-86 (4th Cir. 1996). Testimony at the sentencing hearing reveals that Hill did carry a nine-millimeter pistol during at least one drug transaction and that he threatened the life of a witness who cooperated with the government. Accordingly, we find that both enhancements were proper.

We have examined the entire record* in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*This review includes the issues raised in Hill's supplemental pro se informal briefs.